IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANDREW NAMBO GARCIA | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-170 |
| BEAUMONT CRIME STOPPERS, *et al.*, | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Andrew Nambo Garcia, an inmate confined at the Dalhart Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following defendants: Beaumont Crime Stoppers, Kathy Werner, and Melissa Estelle Hebert.

The court referred this matter to the Honorable Zack Hawthorn United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends plaintiff's civil rights action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleading. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds plaintiff's objections lacking in merit. Plaintiff appears to argue the above-referenced suit should relate back to civil action number 1:14-CV-589 which was dismissed for lack of diversity and lack of a federal law nexus. In the latter suit, plaintiff only sued Beaumont Crime Stoppers.

The purpose of Rule 15 of the Federal Rules of Civil Procedure is to allow the addition of certain claims or defenses once the defendant is on notice that plaintiff seeks redress for alleged

harmful conduct. The plaintiff bears the burden of showing that the amended complaint relates back to the original complaint. *Tureaud v. Markel Int'l Ins. Co.*, No. 10-1853, 2011 WL 13203007, at *3 (E.D. La. May 18, 2011). "Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." Charles A. Wright, et al., 6A FEDERAL PRACTICE AND PROCEDURE CIVIL § 1496 (3d ed).

Filing a new lawsuit, however, is not the same thing as filing an amendment. *See U.S. ex rel. Koch v. Koch Industries, Inc.*, 188 F.R.D. 617, 621 (N.D. Okla. 1999) (holding that an amended complaint did not relate back to the date of the filing of a complaint filed in a separate suit). "A number of courts have held that Rule 15(c) by its express language only applies to pleadings in the same action as the original pleading, if timely filed, and does not relate to the original pleadings in a prior suit." *Ultraflo Corp. v. Pelican Tank parts, Inc.*, 926 F.Supp.2d 935, 947 (S.D. Tex. 2013) (collecting cases). Thus, attempting to construe a new complaint as an amendment to an already-dismissed lawsuit would require the court to completely "[alter] the plain meaning of Rule 15(c)." *Id.* (quoting *U.S. ex rel. Koch*, 188 F.R.D. at 631-32). *See Carter v. Tex. Dep't of Health*, 119 F. App'x 577, 581 (5th Cir. 2014) (holding that in order for the amendment to relate back to the original pleading, the original pleading may not be a pleading filed in a different case).

Where a plaintiff simply fails to bring suit against certain defendants, or fails to assert certain claims "until it [is] too late . . . the relation-back doctrine does not apply." *Quinn v. Guerrero*, 863 F.3d 353, 363; *accord Brever v. Federated Equity Management Co. of Pa.*, 233 F.R.D. 429, 435 (W.D. Pa. 2005) (holding that when a plaintiff "[sits] on [his] rights" by failing to file a lawsuit, "Rule 15(c) does not provide [him] with an avenue to 'perform an end-run around the statute of limitations that bars [his] claim'" (quoting *Nelson v. County of Allegheny*, 60 F.3d 1010, 1015 (3rd Cir. 1995))).

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

**SIGNED** this the 1 day of **November, 2018.**

_____
Thad Heartfield
United States District Judge